1   PETER M. STONE (SB# 157994)
    JAY C. GANDHI (SB# 192613)
2   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    Seventeenth Floor
3   695 Town Center Drive
    Costa Mesa, CA  92626-1924
4   Telephone: (714) 668-6200
    Facsimile: (714) 979-1921
5
    Attorneys for Defendants
6   Van Wagoner Funds, Inc., Van Wagoner Capital
    Management, Inc., Garrett R. Van Wagoner,
7   Larry P. Arnold, Robert S. Colman And Peter R. Kris
8
                  UNITED STATES DISTRICT COURT
9
                 NORTHERN DISTRICT OF CALIFORNIA
10
11
    In  re  VAN  WAGONER  FUNDS,  INC.        Master Case No. 02-C-03383 JSW
12  SECURITIES LITIGATION
13                                            CLASS ACTION
14
15  This Document Relates To:                 **STIPULATION OF SETTLEMENT**
16       ALL ACTIONS.
                                              Judge:      Hon. Jeffrey S. White
17                                            Courtroom:  2
                                              Date:       N/A
18                                            Time:       N/A
19
20
21
22
23
24
25
26
27
28

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement, dated as of November 15, 2004 (the "Stipulation"), is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to approval by the Court, this Stipulation is entered into between Lead Plaintiffs Richard and Stephanie Ann Casolari (collectively "Plaintiffs"), the Class (as hereinafter defined), and Van Wagoner Funds, Inc. ("VW Funds"), Van Wagoner Emerging Growth Fund, Van Wagoner Technology Fund, Van Wagoner Mid Cap Growth Fund, Van Wagoner Post Venture Fund, Van Wagoner Micro Cap Growth Fund, Van Wagoner Capital Management, Inc. ("VWCM"), UMB Fund Services, Inc. ("UMB"), Garrett Van Wagoner, Larry P. Arnold, Robert S. Colman and Peter R. Kris (collectively "Settling Defendants"), by and through their respective counsel. Plaintiffs, on behalf of themselves and the Class as herein defined, and the Settling Defendants are collectively referred to herein as the "Settling Parties."

The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined in Section IV, ¶1.13 below) against the Released Persons (as defined in Section IV, ¶1.12 below), upon and subject to the terms and conditions hereof.

## I.      THE LITIGATION

On or about December 17, 2001, several securities putative class action complaints were filed in the United States District Court for the Eastern District of Wisconsin (the "Wisconsin Federal Court"), entitled (1) *Mather v. Van Wagoner Funds, et al.*; (2) *Sasson v. Van Wagoner Funds, et al.*; (3) *Doohan v. Van Wagoner Funds, et al.*; (4) *Magistad v. Van Wagoner Funds, et al.*; (5) *Lippstreu v. Van Wagoner Funds, Inc., et al.*; (6) *Alper v. Van Wagoner Mutual Fund, Inc., et al.*; (7) *Spraley v. Van Wagoner Mutual Funds, Inc, et al.*; and (8) *Casolari v. Van Wagoner Mutual Funds, Inc., et al.* (collectively, the "Securities Actions").

On or about January 4, 2002, a securities putative class action complaint was also filed in the United States District Court for the District of Delaware (the "Delaware Federal Court"), entitled *Reisman v. Van Wagoner Funds, et. al* (the "Reisman Action"). On or about June 7, 2002, the Delaware Federal Court transferred the Reisman Action to the Wisconsin Federal Court.

On or about June 30, 2002, the Wisconsin Federal Court transferred the Securities Actions to the United States District Court for the Northern District of California (the "California Federal Court"). This California Federal Court consolidated the Securities Actions under the caption *In re Van Wagoner Funds, Inc. Securities Litigation*, Case No. 02-03383 JSW (the "Consolidated Securities Action") and, on or about April 9, 2004, appointed Richard and Stephanie Ann Casolari as lead plaintiffs and the law firm of Much Shelist Freed Denenberg Ament & Rubenstein, P.C. as lead counsel ("Lead Counsel").

On or about February 5, 2002, a derivative action was filed in Milwaukee County Circuit Court (the "Wisconsin State Court"), entitled *Mansmith v. Garrett R. Van Wagoner, et al*., Case No. 2002CV041347 (the "Derivative Action"). The "Securities Actions" and the "Derivative Action" are collectively referred to herein as the "Litigation."

On or about July 24, 2003, lead plaintiffs in the Consolidated Securities Action filed an Amended Complaint (the "Complaint"), asserting claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act"), Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Sections 22, 34(b), 36(a) and 36(b) of the Investment Company Act of 1940 ("Investment Company Act").

On September 4, 2003, Plaintiffs and Settling Defendants participated in an arm's-length settlement mediation before the Honorable Daniel Weinstein (Ret.) (the "Mediation").

On September 29, 2003, Settling Defendants filed a motion to dismiss the Complaint and plaintiffs opposed the motion. On April 16, 2004, a hearing was held on

Settling Defendants' motion to dismiss.  On or about July 27, 2004, the California Federal Court dismissed the entire Complaint with leave to amend, except as to claims asserted under Sections 22 and 34(b) of the Investment Company Act.

On or about August 26, 2004, it was announced that Garrett R. Van Wagoner, Van Wagoner Capital Management, Robert S. Colman and Audrey L. Buchner had entered into settlements with the Securities and Exchange Commission ("SEC"), without admitting or denying any findings reached by the SEC, concerning the SEC's investigation into certain matters regarding, *inter alia*, the valuing of private securities, which settlements were embodied in agreements and administrative orders (Admin. Proc. File Nos. 3-11611 to 3-11613) approved by that Commission (the "SEC Settlement").

On August 26, 2004, Plaintiffs moved to set a filing date for their further amended complaint, and a hearing is scheduled on that motion for December 10, 2004.

On or about September 9, 2004, Plaintiffs and the Settling Defendants entered into a Memorandum of Understanding ("MOU"), reaching an agreement in principle that provided for a settlement and the dismissal with prejudice of the Litigation with respect to the Settling Defendants.

Plaintiffs, through Lead Counsel, have extensively investigated the alleged wrongdoing pertaining to each Settling Defendant in the Litigation and the alleged damages suffered by the Class.  Plaintiffs reviewed certain documents produced by Settling Defendants, as well as other public and non-public information.  Plaintiffs have also consulted extensively with experts to review and advise on the damages, causation, and the merits of the asserted claims.

Plaintiffs, through Lead Counsel, have conducted discussions and arm's-length negotiations with counsel for Settling Defendants with respect to a settlement of the Litigation with a view toward settling the issues in dispute and achieving the best relief possible consistent with the interests of the Class.  Based upon the Mediation, as well as the documents produced and the extensive investigation by Plaintiffs, Plaintiffs have concluded that the terms and conditions of this Stipulation are fair, reasonable, and

1  adequate to Plaintiffs and the Class, and in their best interests, and Plaintiffs have agreed

2  to settle the claims raised in the Litigation pursuant to the terms and provisions of this

3  Stipulation, after considering: (a) the substantial benefits that Plaintiffs and the members

4  of the Class will receive from settlement of the Litigation; (b) the attendant risks of

5  litigation; and (c) the desirability of permitting the settlement to be consummated as

6  provided by the terms of this Stipulation.

7  II.    SETTLING DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

8          Settling Defendants deny any wrongdoing whatsoever and this Stipulation and

9  settlement shall in no event be construed or deemed to be evidence of or an admission or

10 concession on the part of any Settling Defendant with respect to any claim or any fault or

11 liability or wrongdoing or damage whatsoever, or any infirmity in the contentions and

12 defenses that the Settling Defendants have asserted.  Settling Defendants have denied and

13 continue to deny each and all of the claims and contentions made by Plaintiffs and the

14 Class in the Litigation.  Settling Defendants expressly have denied and continue to deny

15 all charges of wrongdoing or liability against them arising out of any of the conduct,

16 statements, acts or omissions alleged, or that could have been alleged, in the Litigation.

17 The Settling Defendants also have denied and continue to deny, *inter alia*, the allegations

18 that Plaintiffs or the Class have suffered damages, or that Plaintiffs or the Class were

19 harmed by the conduct alleged in the Litigation.

20         Nonetheless, Settling Defendants have concluded that further conduct of the

21 Litigation would be protracted and expensive, and that it is desirable that the Litigation

22 be fully and finally settled in the manner and upon the terms and conditions set forth in

23 this Stipulation.  Settling Defendants also have taken into account the uncertainty and

24 risks inherent in any litigation, especially in complex cases like the Litigation.  Settling

25 Defendants have, therefore, determined that it is desirable and beneficial to them that the

26 Litigation be settled in the manner and upon the terms and conditions set forth in this

27 Stipulation.

28

III.     CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Litigation have merit.  However, Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Settling Defendants through trial and through appeals.  Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation.  Lead Counsel is mindful of the inherent problems of proof and possible defenses to the violations asserted in the Litigation and the fact that, in any litigation, there exists a possibility that the Class could receive nothing or less than the settlement amount, even if they were to prevail at trial. Lead Counsel believes that the settlement set forth in this Stipulation confers substantial benefits upon the Class.  Based on its evaluation, Lead Counsel has determined that the settlement set forth in this Stipulation is in the best interest of Plaintiffs and the Class.

IV.     TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, and by their undersigned counsel, that, subject to the approval of the Court, the Litigation, the Released Claims (as defined below) and all matters encompassed within the scope of any releases set forth or referenced herein, shall be finally and fully compromised, settled and released as to all Released Persons (as defined below), and the Litigation shall be dismissed with prejudice as to all Settling Defendants, upon and subject to the terms and conditions of the Stipulation, as follows:

1.     Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1     "Class" and "Class Members" means Plaintiffs and all other persons and entities, and their successors in interest and transferees, direct or indirect, immediate or remote, who purchased any shares of Van Wagoner Emerging Growth Fund, Van Wagoner Technology Fund, Van Wagoner Mid Cap Growth Fund, Van Wagoner Post Venture Fund, and/or Van Wagoner Micro Cap Growth Fund, or any of their predecessor

or successor funds, issued by Van Wagoner Funds during the period from February 28, 2000 through August 21, 2001.

Excluded from the Class are Settling Defendants; members of the families of each individual defendant; any entity in which any defendant has a majority-owned interest; officers and directors of Settling Defendants and their majority-owned subsidiaries and affiliates; and the legal representatives, heirs, successors, or assigns of any such excluded party.   Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth below.

1.2   "Settling Defendants" means Van Wagoner Funds, Inc., Van Wagoner Emerging Growth Fund, Van Wagoner Technology Fund, Van Wagoner Mid Cap Growth Fund, Van Wagoner Post Venture Fund, Van Wagoner Micro Cap Growth Fund, Van Wagoner Capital Management, Inc., UMB Fund Services Inc., Garrett Van Wagoner, Larry P. Arnold, Robert S. Colman, Peter R. Kris and each of them.

1.3   "Effective Date" means the first date by which all of the events and conditions specified in ¶6.1 of the Stipulation have been met and have occurred.

1.4   "Final" means when the last of the following has occurred with respect to the Judgment: (a) the date of final affirmance on an appeal of the Judgment, the expiration of the time for a petition for or a denial of a writ of certiorari to review the Judgment and, if certiorari is granted, the date of final affirmance of the Judgment following review pursuant to that grant; or (b) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding on certiorari to review the Judgment and expiration of time to seek any further review or appeal of such dismissal; or (c) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Judgment, i.e., thirty (30) days after entry of the Judgment.   For purposes of this definition, an "appeal" shall include any motion to alter, amend, or otherwise review the Judgment, and any petition for any writ, including a writ of certiorari that may be filed in connection with the approval or disapproval of this Stipulation.   Any

proceeding or order, or any appeal or petition for a writ of certiorari pertaining to any reporting or corporate governance change and/or motion for attorneys' fees, costs or expenses, shall not in any way delay or preclude the Judgment from becoming Final.

1.5 "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit C and including but not limited to the provisions of the bar order.

1.6 "Lead Counsel" means Lead Counsel appointed by the Court in the Consolidated Securities Action: Much Shelist Freed Denenberg Ament & Rubenstein, P.C.

1.7 "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and, as applicable, their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.8 "Lead Plaintiffs" means Richard and Stephanie Ann Casolari.

1.9 "Plaintiffs" means, collectively, Lead Plaintiffs, the Class, and Class Members.

1.10 "Undertakings" means those reporting and corporate governance provisions as provided in Exhibit "A" attached hereto.

1.11 "Related Persons" for the purposes of this Stipulation means each of the Settling Defendants and each and all of the members of the families of each Defendant; each Defendant's past or present parents, subsidiaries or affiliates, including but not limited to any entity in which any Settling Defendant has or had a majority-owned interest; and each of the foregoing listed person's officers, directors, partners, managing directors, employees, agents, representatives, accountants, attorneys, insurers, reinsurers, underwriters, financial advisors, predecessors, successors, heirs, executors and assigns.

1.12    "Released Persons" means each and all of the Settling Defendants and their Related Persons.

1.13    "Released Claims" means any and all claims, demands, rights, liabilities, and causes of actions of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law, or any other law, rule or regulation, known or unknown, asserted or that might have been asserted, including, without limitation, claims for fraud, negligent misrepresentation, or violations of any state or federal statutes or regulations by Plaintiffs or any Class Member, on behalf of themselves, their heirs, executors, administrators, successors, and assigns against Settling Defendants or the Released Persons or any of them arising out of, relating to, or in connection in any way with (i) the Securities Action, the Consolidated Securities Action, the Complaint; (ii) all the claims that have been or could have been asserted or raised in the Derivative Action; (iii) all the claims that could have been raised relating to or arising out of the SEC Settlement; or (iv) all the claims relating in any way to the liquidity, pricing, valuations, investments in or sales of private equity securities by Settling Defendants or the Released Persons, but excluding those claims that have been or could be asserted by the Plaintiffs against Ernst & Young.

1.14    "Ernst & Young" means Ernst & Young LLP or any of their respective present or former directors, officers, employees, agents, fiduciaries, trustees, insurers, underwriters, attorneys and advisors, as well as all of their successors, heirs, assigns, executors, personal representatives and immediate families.

1.15    "Settling Parties" means, collectively, the Settling Defendants and Plaintiffs on behalf of themselves and the Class and the Class Members.

1.16    "Unknown Claims" means any Released Claims which any Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its decision with respect to the Settlement.  With respect to any and all claims, the Settling Parties stipulate and agree that upon Final Approval, Plaintiffs shall expressly

and each Class Member shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all the provisions, rights and benefits conferred by California Civil Code § 1542 or any law of any state or territory of the United States, or any other state, sovereign or jurisdiction, or principle of common law which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR**.

Plaintiffs acknowledge and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

    2.    <u>The Settlement</u>

        a.    <u>The Settlement</u>

2.1    The Settling Defendants, and/or their Board of Directors as appropriate, will enact or implement the Undertakings as provided for in Exhibit A.

2.2    Following final approval of the Stipulation, the Lead Plaintiffs will be permitted by the Settling Defendants to conduct reasonable document discovery, which will be completed within one hundred twenty (120) days from such final approval, as the Settling Parties agree is necessary and appropriate, and the Settling Defendants specifically agree to afford the Lead Counsel reasonable access to documents in the possession of the Settling Defendants, including but not limited to, providing to the Lead Plaintiffs all materials provided to the SEC by the Settling Defendants and copies of testimony given to the SEC by them (the "SEC Documents") within five (5) days of final approval.  Currently pending with the Court is Lead Plaintiffs' motion to set a filing date for the Second Amended Consolidated Complaint, which requests that the filing of the

Second Amended Consolidated Complaint be indefinitely stayed or that the deadline be 120 days from entry of the N.D. Cal. Federal Court's order on that motion.  In the event that the relief Lead Plaintiffs requested is not granted in whole or in substantial part, and after preliminary approval of the Settlement but before final approval of the Settlement, and after agreeing in writing delivered to Counsel for the Settling Defendants that the final financial representations made by Garrett Van Wagoner, his spouse and VWCM are acceptable as accurate in all material respects, then the Settling Defendants will provide Counsel for Lead Class with copies of the SEC Documents within five (5) days of receipt of the writing; provided, however, that (i) Counsel for Settling Securities Plaintiff Class must keep the SEC Documents and information contained therein strictly confidential, not to be shared with any other person or entity; and (2) should final approval of the Settlement be denied, and unless the Court lifts the discovery stay upon motion or otherwise to require disclosure of the SEC Documents, the Lead Counsel may not use, directly or indirectly, any information acquired by virtue of their review of the SEC Documents in any amended pleading filed against any of the Settling Defendants. Nothing in the preceding sentence shall preclude Lead Counsel from including information in any amended pleading that was obtained from sources other than the SEC Documents produced by the Settling Defendants in the circumstances referenced above.

2.3     Settling Defendants will expend, upon court approval, an amount up to $50,000 to pay the costs and expenses reasonably and actually incurred in connection with providing notice to the Class and other administrative expenses in connection with the settlement.  However, in the event the Court does not grant preliminary approval of the settlement or the settlement is otherwise terminated, any amounts so advanced that have not actually been expended or incurred shall be returned to Settling Defendants.  If the settlement is approved by the Court, and in the event costs of notice and other administrative expenses in connection with the settlement are less than $50,000, Settling Defendants will have no obligation to remit any difference to any party or for any other purpose.

b.    Termination Of Settlement

2.4    If the Stipulation is terminated or is not approved by the Court, in whole or in part, or for any reason Final Approval does not occur, Settling Defendants will have no obligation to: (a) enact or implement the Undertakings; (b) allow Lead Plaintiffs to conduct any discovery, except as provided by ¶ 2.2 and unless otherwise ordered by the Court; or (c) expend any amounts, not already spent, for cost of notice or administration of the settlement.

2.5    The Settling Parties will execute a mutually agreeable definitive Supplemental Settlement Agreement to be executed within five (5) days of execution of this Stipulation.   The Supplemental Settlement Agreement will provide for the termination of this Stipulation and the attendant MOU at the sole election of defendant VWCM in the exercise of its absolute discretion, in the event that, after the execution of this Stipulation, a certain number of the members of the Class owning a specified amount of Van Wagoner securities during the Class Period to be determined solely by VWCM and set forth in the Supplemental Settlement Agreement deliver timely or otherwise valid requests for exclusion from the Class or initiate actions or assert claims against one or more of the Settling Defendants based in whole or in part on the Released Claims.  The Supplemental Settlement Agreement shall be held strictly confidential by the Settling Parties and not publicly disclosed or filed with the California Federal Court (except as required by law or as the California Federal Court may order, or, as is necessary to obtain enforcement or judicial construction thereof (in which case it shall be filed under seal).

2.6    The consummation of this Stipulation and the settlement contemplated herein is subject to those conditions referenced in Section II(f) of the MOU, which is attached hereto as Exhibit D.  Section II(f) is incorporated herein by reference.  Such conditions shall be deemed satisfied upon final approval.

3.    Notice Order And Settlement Hearing

3.1    Promptly after execution and filing of this Stipulation, Lead Plaintiffs shall move the Court for entry of an order (the "Preliminary Approval Order"), requesting,

*inter alia*, the preliminary approval of the settlement set forth in the Stipulation, and approval for the mailing and publication of an appropriate Notice of Pendency and Proposed Settlement of Class Action, and a Summary Notice for Publication (collectively, "Notices"), in a form substantially similar to those attached as Exhibits B-1 and B-2 attached hereto, which Notices shall include the general terms of the settlement as set forth in this Stipulation, the general terms of the Fee and Expense Application defined below, and the date of the Settlement Hearing as defined below.

3.2     Lead Counsel shall request that after the Notices are given, the Court hold a hearing (the "Settlement Hearing") and approve the settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Fee and Expense Application.

4.     <u>Releases</u>

4.1     Upon the Effective Date, as defined above, Plaintiffs do and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged, and shall forever be enjoined from prosecuting, all Released Claims and any and all claims arising out of, relating to, or in connection with the settlement or resolution of the actions against the Released Persons (including Unknown Claims).

4.2     Upon the Effective Date, as defined above, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

4.3     All claims against any Settling Defendants or Released Persons sounding in contribution, or equitable indemnification arising out of or concerning (i) the Securities Action, the Consolidated Securities Action, or the Complaint; (ii) the Derivative Action; (iii) the SEC Settlement; or (iv) the liquidity, pricing, valuations, investments in or sales

of private equity securities by Settling Defendants or the Released Persons; or the claims asserted or that could have been asserted in any of the aforementioned four (4) categories by any person (including defendant Ernst & Young) against any Settling Defendant or Released Persons, are hereby forever barred, enjoined or discharged pursuant to, *inter alia*, 15 U.S.C. § 78u-4(f)(7) and, as a settlement made in good faith, pursuant to Cal. Civ. Proc. Code § 877.6.

5.    Plaintiffs' Counsels' Attorneys' Fees
        And Reimbursement Of Expenses

5.1    Pursuant to Federal Rule of Civil Procedure 23(h), Lead Counsel may submit a motion or motions under Federal Rule of Civil Procedure 54(d)(2) (the "Fee and Expense Application") for: (a) an award of attorneys' fees; plus (b) reimbursement of expenses and costs.  Lead Counsel agrees to distribute fees to other plaintiffs' counsel according to work performed and contribution to the prosecution of this Litigation, including distribution of all fees to Counsel in the Derivative Action.

5.2    Lead Counsel's Fee and Expense Application is not to exceed, including any payment to be made by Counsel in the Derivative Action, the total sum of $340,000, and the Settling Defendants shall not oppose such request.

5.3    Lead Counsel shall accept whatever award of fees and expenses is made by the California Federal Court up to $340,000, and the parties' settlement shall not be affected in any way should the Court determine to award less than the amount requested.

5.4    Payment of whatever award is ultimately made by the California Federal Court shall be made by VWCM and Garrett Van Wagoner to Lead Counsel, to be distributed as they see fit, as follows:  $52,000 within five (5) business days after preliminary approval of the Settlement followed by payments of $16,000 per month for the next eighteen (18) months thereafter.  Until final approval all such sums shall be paid into the client trust account for Paul, Hastings, Janofsky & Walker LLP, which sums shall be released to Lead Counsel upon final approval of the Settlement.

5.5     In the event the Stipulation shall terminate, or be cancelled, or shall not be effective for any reason, or if the Judgment shall be reversed or modified upon appeal, within ten (10) business days after written notification of such event is sent by counsel for Settling Defendants to Lead Counsel, the fees and expenses as set forth in ¶ 5.4 shall be refunded by Lead Counsel.  Lead Counsel, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the Stipulation.  Without limitation, each such law firm and its partners and/or shareholders agreed that the Court may, upon application of Settling Defendants on notice to Lead Counsel summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, against them or any of them should such law firm fail to timely repay fees and expenses pursuant to this Stipulation.

5.6     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application are not part of the settlement set forth in the Stipulation, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

5.7     Neither the Settling Defendants, nor their respective Related Persons shall have any responsibility for, or interest in, or liability whatsoever with respect to, any payment to Lead Counsel or any other plaintiffs' counsel, nor shall they have any responsibility or liability whatsoever for any costs, fees or expenses of any kind incurred by plaintiffs' respective attorneys, experts, consultants, agents and representatives, or any claims amongst themselves to any amount of the Fee and Expense Application.  All such fees, costs and expenses shall be payable only to the extent ordered by the Court.

-14-

6.      Conditions Of Settlement, Effect Of
        Disapproval, Cancellation Or Termination

6.1      The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)      Settling Defendants have not exercised their right to terminate this Stipulation, including their rights under the Supplemental Settlement Agreement;

(b)      the Court has entered the Judgment, or a judgment substantially in the form and substance of Exhibit C hereto including the bar order provisions; and

(c)      the Judgment has become Final as defined above.

6.2      In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, or the Effective Date does not occur for any reason, the Settling Parties shall revert to their litigation positions as of November 15, 2004. In such event, the terms and terms of provisions of the Stipulation, with the exception of Section IV ¶¶1.1-1.16, 5.3-5.7, 6.1-6.2, 7.1-7.14 herein, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose in connection with the trial or prosecution of the Litigation or for any purpose in any other action or proceeding not directly related to the Stipulation. No order of the Court or modification or reversal on appeal of any order of the Court concerning the amount of any attorneys' fees, costs, expenses and interest awarded by the Court shall constitute grounds for cancellation or termination of the Stipulation.

7.      Miscellaneous Provisions

7.1      The Settling Parties: (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

7.2      This settlement is intended to be a final and complete resolution of all disputes between and among all parties to the Litigation with respect to the Litigation, the

STIPULATION OF SETTLEMENT
Case No. 02-C-03383 JSW

Released Claims, and all matters encompassed within the scope of any releases set forth or referenced herein. The settlement compromises claims which are contested and does not constitute any admission by any party of any violation of the federal securities laws or any other laws or as to the merits of any claim or defense. While retaining their right to deny that the claims advanced in the Litigation were meritorious, Settling Defendants, in any statement made to any media representative (whether or not for attribution), will not deny that the Litigation was filed in good faith and is being settled voluntarily after consultation with competent legal counsel. The Final Judgment will contain a statement that during the course of the Litigation, Plaintiffs, the Class, Settling Defendants and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

7.3     Neither the Stipulation nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement is or may be deemed or offered or received in evidence as a presumption, a concession, or an admission of any fault, liability, or wrongdoing, and, except as required to enforce this Stipulation, shall not be offered or received in evidence or otherwise used by any person in this or any other Litigation or proceedings, whether civil, criminal, or administrative. Settling Defendants and/or the other Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

7.4    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information, and the retention, destruction or return of such information, shall survive this Stipulation.

7.5    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

7.6    This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

7.7    Except as otherwise provided herein, and except for the Supplemental Agreement, this Stipulation and the Exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

7.8    Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Settling Parties state that there are no additional agreements made in connection with the proposed settlement, except as stated herein.

7.9    Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiff to take all appropriate actions required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which it deems appropriate.

7.10    Each attorney or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

7.11    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

7.12    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

7.13    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Stipulation.

7.14    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice of law principles.

7.15    Any dispute over the terms of this Stipulation that cannot be resolved through negotiations shall be resolved by Hon. Daniel Weinstein of JAMS/Endispute in San Francisco or, if he is not available, by a retired judge to be agreed to by the parties or appointed by that firm if no agreement can be reached.

1    IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be

2  executed, by their duly authorized attorneys.

3

4  Dated:  November 15, 2004          Respectfully submitted,

5                                      MUCH    SHELIST    FREED    DENEBERG
                                        AMENT & RUBENSTEIN, P.C.
6

7
                                               /s/
8                                    _____
                                         Carol V. Gilden
9                                    Michael J. Freed
                                     Carol V. Gilden
10                                   Christopher J. Stuart
                                     Michael E. Moskovitz
11                                   191 N. Wacker Drive, Suite 1800
                                     Chicago, IL  60606
12                                   Tel:    (312) 521-2000
                                     Fax:   (312) 521-2100
13
                                     Attorneys for Lead Plaintiffs Richard
14                                   and Stephanie Casolari

15

16

17  Dated:  November 15, 2004          SCHIFFRIN & BARROWAY, LLP

18
                                               /s/
19                                   _____
                                         Robert B . Weiser
20                                   ROBERT B . WEISER
                                     Three Bala Plaza East, Suite 400
21                                   Bala Cynwyd, PA  19004
                                     Tel:    (610) 667-7706
22                                   Fax:   (610) 667-7056

23                                   Attorneys for Derivative
                                     Plaintiff Dennis Mansmith
24

25

26

27

28

OC/361419.1                                    STIPULATION OF SETTLEMENT
                                               Case No. 02-C-03383 JSW

Dated:  November 15, 2004

PAUL, HASTINGS, JANOFSKY
    & WALKER LLP


_____
            /s/
        Peter M. Stone

PETER M. STONE
JAY C. GANDHI
695 Town Center Drive, 17th Floor
Costa Mesa, CA  92626
Tel:   (714) 668-6200
Fax:   (714) 979-1921

Attorneys for Defendants Van Wagoner Funds,
Inc., Van Wagoner Capital Management, Inc.,
Garrett R. Van Wagoner, Larry P. Arnold,
Robert S. Colman and Peter R. Kris


Dated:  November 15, 2004

QUARLES & BRADY LLP


_____
            /s/
    Cristina D. Hernandez-Malaby

MATTHEW J. FLYNN
CRISTINA D. HERNANDEZ-MALABY
RACHEL A. SCHNEIDER
411 E. Wisconsin Avenue
Milwaukee, WI  53202
Tel:   (414) 277-5377
Fax:   (414) 978-8977

Attorneys for Defendants UMB Fund Services,
Inc.

-20-