1  MUCH SHELIST FREED DENENBERG AMENT & RUBENSTEIN, P.C.
   MICHAEL J. FREED (*Pro Hac Vice*)
2  CAROL V. GILDEN (*Pro Hac Vice*)
3  CHRISTOPHER J. STUART
   MICHAEL E. MOSKOVITZ (*Pro Hac Vice*)
4  191 N. Wacker Drive, Suite 1800
5  Chicago, IL 60606-1615
   Telephone: 312/521-2000
6  312/521-2100 (fax)
7  Lead Plaintiffs' Lead Counsel

### UNITED STATED DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE VAN WAGONER FUNDS, INC. SECURITIES LITIGATION | MASTER FILE NO. C 02-03383 JSW |
| | **CLASS ACTION** |
| This Document Relates to: | **NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT BY LEAD PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| ALL ACTIONS | |
| | Date: March 25, 2005 |
| | Time: 9:00 a.m. |
| | Place: Courtroom 2 |
| | Honorable Jeffrey S. White, United States District Judge |

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
Civil Case No. C:02-03383 JSW
OC/359487.1

# NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT** on March 25, 2005, at 9:00 a.m., in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Jeffrey S. White in Courtroom 2, Seventeenth Floor, Lead Plaintiffs Stephanie Casolari and Richard Casolari ("Lead Plaintiffs") will and hereby do move the Court for an order, (i) granting expedited preliminary approval of the Settlement, (ii) provisionally certifying a settlement class, (iii) scheduling a hearing date for final approval of the Settlement, and (iv) granting approval of the form of notice.  This Motion is made on the following grounds:

1.      On September 9, 2004, Lead Plaintiffs, the Van Wagoner Defendants[1] and defendant UMB Fund Services, Inc. ("UMB") (collectively, the "Settling Parties") entered into a Memorandum of Understanding ("MOU"), reaching an agreement in principle that provides for a settlement and dismissal with prejudice of this action with respect to the Van Wagoner Defendants and UMB.

---

[1]     The following defendants are collectively referred to as the Van Wagoner Defendants: Van Wagoner Funds, Inc. ("VW Funds"), Van Wagoner Capital Management, Inc. ("VWCM"), Garrett R. Van Wagoner, Larry P. Arnold, Robert S. Colman, Peter R. Kris, Van Wagoner Emerging Growth Fund, Van Wagoner Technology Fund, Van Wagoner Mid Cap Growth Fund, Van Wagoner Post Venture Fund and Van Wagoner Micro Cap Growth Fund.

2.     On November 15, 2004, the Van Wagoner Defendants filed the signed Stipulation of Settlement. Attached to the Stipulation as exhibits are the Corporate Governance Changes, the Notice of Pendency and Proposed Settlement of Class Action, the Summary Notice for Publication, the [Proposed] Final Judgment and Order and the MOU.

3.     This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all papers and records on file in this case, all matters of which the Court may properly take judicial notice, and such other evidence and arguments that may be presented at or before the hearing on this Motion.

Dated:  November 23, 2004

                                Michael J. Freed
                                Carol V. Gilden
                                Christopher J. Stuart
                                Michael E. Moskovitz
                                MUCH SHELIST FREED DENENBERG
                                    AMENT & RUBENSTEIN, P.C.

                                /s/     Carol V. Gilden
                                    Carol V. Gilden

                                Attorneys for Lead Plaintiffs

# TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES**..................................................1

    **I.    INTRODUCTION AND SUMMARY**......................................................1

    **II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY** ........2

    **III.    SUMMARY OF SETTLEMENT** ............................................................2

    **IV.    THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL**..................................................................................................5

    **V.    THE PROPOSED NOTICE TO THE CLASS IS ADEQUATE**........10

    **VI.    A SETTLEMENT CLASS SHOULD BE PROVISIONALLY CERTIFIED**.............................................................................................11

    **VII.    PROPOSED SCHEDULE OF EVENTS** ................................................12

    **VIII.    CONCLUSION**.........................................................................................14

# TABLE OF AUTHORITIES

**Cases:**

*Armstrong v. Board of School Directors*, 616 F.2d 305 (7th Cir. 1980) ........................ 6, 7

*Boyd v. Bechtel Corp.*, 485 F. Supp. 610 (N.D. Cal. 1979) .................................................. 9

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) .......................................................... 10

*In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, MDL Docket No. 901 All Cases, 1992 U.S. Dist. LEXIS 14337 (C.D. Cal. June 10, 1992) ................................... 9

*In re Traffic Executive Ass'n - Eastern Railroads*, 627 F.2d 631 (2d Cir. 1980) ................ 7

*Kirkorian v. Borelli*, 695 F. Supp. 446 (N.D. Cal. 1988) ...................................................... 9

*Linney v. Cellular Alaska P'ship*, 151 F.3d 1234 (9th Cir.1998) .......................................... 7

*Mendoza v. Tucson School District*, 623 F.2d 1338 (9th Cir. 1980) ................................. 10

*Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306 (1950) ........................... 10

*Nat'l Rural Telecomm. Coop. v. DirectTV, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004) ............ 6

*Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615 (9th Cir. 1982) ...................... 8

*Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993) ....................................... 13

**Statutes and Rules:**

15 U.S.C § 78u-4(a)(7) ........................................................................................................ 10

Fed.R.Civ.P. 23(a) .............................................................................................................. 12

Fed.R.Civ.P. 23(b) .............................................................................................................. 12

Fed.R.Civ.P. 23(e) .............................................................................................................. 10

**Other Authorities:**

Manual of Complex Litigation Third § 30.41 (2003) .......................................................... 6

Manual of Complex Litigation Third § 23.14 (2003) .......................................................... 6

5 James W. Moore, *Moore's Federal Practice* § 23.85 [3] (3d ed. 2002) ......................... 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY

After engaging in extensive arm's-length negotiations for months, participating in a mediation before the Honorable Daniel Weinstein (Ret.), producing and reviewing confidential financial statements and tax returns of VWCM, Garrett Van Wagoner and his spouse, and holding numerous meetings and telephone conferences, the Settling Parties have entered into a Stipulation of Settlement[1] filed on November 15, 2004 that will result in a nearly global resolution of the matters alleged in this action, which have been pending since December 2001.

Lead Plaintiffs submit this Memorandum in support of their motion for entry of an order (i) preliminarily approving the settlement; (ii) provisionally certifying a Class for settlement purposes; (iii) scheduling a hearing to consider final approval of the settlement and Lead Counsel's application for attorneys' fees and expenses; and (iv) authorizing the form and manner of notice to be sent to the Class advising them of the matters described above and their rights with respect thereto.

For the reasons set forth herein, Lead Plaintiffs respectfully urge the Court to enter the [Proposed] Order Preliminarily Approving Settlement and Providing for Notice, submitted herewith.

---

[1] The terms used herein shall have the same meanings as in the Stipulation of Settlement and the Notice for this *Ex Parte* Motion.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about December 17, 2001, Plaintiffs brought this matter as a securities fraud class action alleging that defendants, from February 28, 2000 through August 21, 2001, made misleading statements regarding the valuation of certain private securities, which caused the net asset value ("NAV") of certain funds issued by VW Funds to be artificially inflated. The Court heard and ruled on three motions to dismiss, granting them in their entirety but allowing leave to amend a majority of the claims. The Settling Parties participated in mediation before the Honorable Daniel Weinstein (Ret.) on September 4, 2003. Following the mediation, the Settling Parties continued to engage in settlement discussions. One year later on September 9, 2004 the Settling Parties signed a Memorandum of Understanding, providing for the settlement and dismissal with prejudice of this action and a related derivative action against the Settling Defendants (but not defendant Ernst & Young LLP).[2] While Lead Plaintiffs believe the claims asserted in this matter have merit, they also believe that a settlement is in the best interests of the Class and them. And while Settling Defendants deny any wrongdoing or damages whatsoever, they also believe a settlement is beneficial and desirable.

## III. SUMMARY OF SETTLEMENT

The Settlement provides a number of important benefits to the Class.

---

[2] Plaintiff's counsel in the derivative action is a party to and signed the Memorandum of Understanding and the Stipulation of Settlement.

First, the Settlement affords class members and investors greater transparency of the VW Funds by instituting the following reporting reforms:

- The valuation policy for private equity securities will be published on the website for the Funds (the "Website").

- On a monthly basis, the percentage of private equity securities held in each of the Funds and the valuation of each private equity security will be published on the Website.

- When the Funds and/or VWCM change their valuation of a private equity security, the valuation of such security shall be updated on the Website within one week.

Second, pursuant to the Settlement, the Funds and VWCM will undertake the following corporate governance reforms:

- Independent directors will be added to both the Pricing Committee and the Auditing Committee.

- By January 1, 2005, and for at least three years thereafter, the Board of Directors will be comprised solely of independent directors.

- Garrett R. Van Wagoner shall have no involvement in determining the pricing or liquidity of any private equity securities to be purchased, held or sold by the Funds.

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
Civil Case No. C:02-03383 JSW              3

Third, Settling Defendants have agreed that plaintiffs shall be entitled to conduct discovery during the one hundred and twenty (120) days following final approval of the Settlement. Settling Defendants have agreed to afford plaintiffs reasonable access to documents in their possession, including, but not limited to, all materials provided to the SEC and copies of testimony given by Settling Defendants to the SEC. This affords plaintiffs discovery which will be of assistance in the further prosecution of this matter against the remaining defendant, which discovery would typically be unavailable because of the mandatory stay on discovery under the Private Securities Litigation Reform Act.

Under the terms of the Settlement, VWCM agrees to pay, upon court approval, all notice and other administrative expenses of the Settlement in an amount not to exceed $50,000. The Settlement also provides that VWCM and Van Wagoner will pay court approved attorneys' fees and expenses to Lead Counsel. Under the terms of the Settlement, VWCM and Van Wagoner agree to pay court approved attorneys' fees and expenses to Lead Counsel in an amount not to exceed $340,000, in installments over eighteen months. Lead Counsel has agreed that a portion of any fees and expenses awarded will be paid to plaintiffs' counsel in the Derivative Action once the Derivative Action has been dismissed with prejudice.

The Settlement provides for a full and general release regarding (i) the Securities Action, the Consolidated Securities Action, and the Complaint; (ii) all the claims that have been or could have been asserted or raised in the Derivative Action; (iii) all the

claims that could have been raised relating to or arising out of the SEC Settlement;[3] or (iv) all the claims relating in any way to the liquidity, pricing, valuations, investments in or sales of private equity securities by Settling Defendants or the Released Persons, but excluding those claims that have been or could be asserted by Lead Plaintiffs against E&Y.  This release covers all claims both known and unknown against the Settling Defendants, with the parties to the Settlement agreeing to waive the benefits of Section 1542 of the California Civil Code (or any law of any state or territory of the United States, or principle of common law that is similar, comparable or equivalent to Section 1542 of the California Civil Code).

## IV. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

Preliminary approval does ***not*** require this Court to answer the ultimate question whether the settlement was entered into in good faith, and is fair, reasonable and adequate under the circumstances.  That determination will be made at a full fairness hearing, and only after the notice of the settlement is given to the Class and the Class has had the opportunity to voice its views of the settlement.  At this juncture, however, Lead Plaintiffs request only that the Court grant preliminary approval of the settlement,

---

[3] On or about August 26, 2004, it was announced that Garrett R. Van Wagoner, Van Wagoner Capital Management, Robert S. Colman and Audrey L. Buchner had entered into settlements with the Securities and Exchange Commission ("SEC"), without admitting or denying any findings reached by the SEC, concerning the SEC's investigation into certain matters regarding, *inter alia*, the valuing of private securities, which settlements were embodied in agreements and administrative orders (Admin. Proc. File Nos. 3-11611 to 3-11613) approved by that Commission.

finding merely that the settlement does not disclose grounds to doubt its fairness or other obvious deficiencies and appears to fall within the range of possible approval. *See Manual of Complex Litigation Third* § 30.41 (2003) (the "*Manual*").

The two-step procedure for review of a proposed class action settlement is well established:

> District court review of a class action settlement proposal is a two-step process. The first step is a preliminary, pre-notification hearing to determine whether the proposed settlement is "within the range of possible approval." This hearing is not a fairness hearing; its purpose, rather, is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing. If the district court finds a settlement proposal "within the range of possible approval," it then proceeds to the second step in the review process, the fairness hearing. Class members are notified of the proposed settlement and of the fairness hearing at which they and all interested parties have an opportunity to be heard. The goal of the fairness hearing is to adduce all information necessary to enable the judge intelligently to rule on whether the proposed settlement is "fair, reasonable, and adequate." On the basis of all information available to him, the trial judge must decide whether or not to approve the proposed settlement.

*Armstrong v. Board of School Directors*, 616 F.2d 305, 314 (7th Cir. 1980) (footnotes and citations omitted).

To grant preliminary approval, the court need only conclude that a settlement of the claims against the defendants on the agreed upon terms is within the range of possible approval in order to preliminarily approve the settlement for the purposes of providing notice and holding a future fairness hearing. *Manual*, § 23.14; *Nat'l Rural*

*Telecomm. Coop. v. DirectTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004) (Judge Baird).

Indeed, courts specifically have held that the granting of permission to send out a notice of settlement and hearing thereon, "is not tantamount to a finding that the settlement is fair and reasonable. It is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Executive Ass'n – Eastern Railroads*, 627 F.2d 631, 634 (2d Cir. 1980) (citing *Manual*); *Armstrong*, 616 F.2d at 314 n.13.

Plaintiffs submit that this Court can make such a determination of "probable cause." Given the complexities of this dispute and the uncertainties inherent in such complex litigation, the proposed settlement eliminates the risk that the Class might not otherwise recover.

While certainly premature at this point, reference to the factors considered by courts in granting final approval of class action settlements lends support to the parties' belief that the proposed settlement is within the range of possible approval. In *Linney v. Cellular Alaska P'ship,* 151 F.3d 1234, 1242 (9th Cir.1998), the Ninth Circuit set out the factors that the trial court should consider in assessing whether a proposed settlement is fair, reasonable and adequate. *Accord Nat'l Rural Telecomm. Coop.*, 221 F.R.D. at 525.

Although Rule 23(e) is silent respecting the standard by which a proposed settlement is to be evaluated, the universally applied standard is whether the settlement

is fundamentally fair, adequate and reasonable. *Id*. The district court's ultimate determination will necessarily involve a balancing of several factors which may include, among others, some or all of the following: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

Applying these standards to the settlement here, it is clear that the settlement is sufficiently fair and reasonable to warrant the mailing and publication of Notice advising Class members of the Settlement and the date, time and procedures for a hearing under Rules 23(e) and 23.1 of the Federal Rules of Civil Procedure.

First, the proposed settlement is the product of extensive arm's-length negotiations by counsel with significant experience in complex class action litigation. The Settlement before the Court is the result of extended settlement discussions, meetings and telephone conferences, review of certain financial information, and a mediation before a retired judge. The settlement was hammered out between the Settling Parties and is the product of significant give and take by both sides.

Second, an evaluation of the benefits of settlement must be tempered by a recognition that any compromise involves concessions on the part of all of the settling parties. Indeed, "the very essence of a settlement is compromise, a yielding of absolutes

and an abandoning of highest hopes." *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982).  Here, Lead Plaintiffs would have the burden of proving that Settling Defendants violated numerous provisions of the federal securities laws, and Settling Defendants have raised serious questions concerning the viability of Lead Plaintiffs' claims.  Consequently, there was a risk that Lead Plaintiffs would not have prevailed on their claims against Settling Defendants.  The proposed settlement eliminates the risks of continued litigation and eliminates the substantial risk of no recovery after continued litigation and trial.

Third, significant weight should be attributed to the belief of experienced counsel that settlement is in the best interest of the class.  *In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, MDL Docket No. 901 All Cases, 1992 U.S. Dist. LEXIS 14337, at *8 (C.D. Cal. June 10, 1992) (finding belief of counsel that the proposed settlement represented the most beneficial result for the class to be a compelling factor in approving settlement); *Kirkorian v. Borelli,* 695 F. Supp. 446, 451 (N.D. Cal. 1988) (opinion of experienced counsel is entitled to considerable weight); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979) (recommendations of plaintiffs' counsel should be given a presumption of reasonableness).  Lead Counsel here fully supports the settlement and it is Lead Counsel's informed opinion that, given the uncertainty and substantial expense of pursuing Settling Defendants on all claims through trial, the settlement is fair, reasonable and adequate and in the best interests of the Class.

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
Civil Case No. C:02-03383 JSW                                    9

At this juncture, the Court need not answer the ultimate question: whether the settlement is fair, reasonable and adequate. The Court is being asked to permit notice of the terms of the settlement to be sent to the Class and schedule a hearing, pursuant to Federal Rule of Civil Procedure 23(e), to consider the fairness of the settlement, Lead Counsel's request for an award of fees and expenses, and any expressed views by members of the Class on the issues. 5 James W. Moore, *Moore's Federal Practice* §23.85[3], at 23-353 to 23-354 (3d ed. 2002). It is clear that the settlement should be preliminarily approved and the proposed order entered.

## V. THE PROPOSED NOTICE TO THE CLASS IS ADEQUATE

Class members are entitled to notice of any proposed settlement before the settlement is finally approved by the court. Fed.R.Civ.P. 23(e); *see also Manual*, § 30.212. Although the court has discretion as to the form and content of the notice, certain due process requirements must be met. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 172-77 (1974). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the [settlement] and afford them an opportunity to present their objections." *See Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 314 (1950). The notice must be given "in a manner and form that does not systematically leave an identifiable group without notice." *Mendoza v. Tucson School District*, 623 F.2d 1338, 1351 (9th Cir. 1980). Notice of proposed securities fraud class action settlement must also comply with requirements of the Private Securities Litigation Reform Act (PSLRA), by stating the

amount of recovery, discussing the potential outcome of case, identifying attorney fees and lawyers' representatives, and giving reasons for settlement. *See* 15 U.S.C § 78u-4(a)(7).

The proposed form of notice, which is attached as Ex. B-1 to the Stipulation, clearly meets these requirements.  Notice is to be provided by mail to all Class members who can reasonably be identified.  Additionally, Summary Notice, which is attached as Ex. B-2 to the Stipulation, will be published twice in the national edition of *The Wall Street Journal* within ten days after the mailing of the Notice.

The Notice apprises Class members in a fair and neutral manner of the proposed settlement and their rights with respect to the settlement.  Moreover, the mailed Notice discloses that Class members may object to the proposed settlement and gives precise instructions as to the manner in which an objection is to be raised.  The Notice also informs the Class Members that Lead Counsel will be seeking an award of attorney's fees, costs and expenses.  Finally, the Notice informs Class members of their ability to review the Stipulation and any other pleading filed with the Court in this action. Accordingly, the Notice satisfies the requirements for a notice of settlement (including those set forth in PSLRA) and the Court should direct that this Notice be provided to Class members.

## VI.  A SETTLEMENT CLASS SHOULD BE PROVISIONALLY CERTIFIED

The preliminary approval process is also utilized to certify a settlement class when a class has not been previously certified by the court. The parties seek certification, for settlement purposes only.

This action should be certified as a Class Action for settlement purposes on behalf of the following class: all persons or entities who purchased shares of the Van Wagoner Emerging Growth Fund, the Van Wagoner Technology Fund, the Van Wagoner Mid Cap Growth Fund, the Van Wagoner Post Venture Fund and the Van Wagoner Micro Cap Growth Fund, issued by the Van Wagoner Funds during the period from February 28, 2000 through August 21, 2001 (the "Settlement Class").

Class certification is appropriate because all four requirements of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b) have been met. Among other things, the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class, the representative parties will fairly and adequately protect the interests of the class, and a class action is "superior to other available methods for the fair and efficient adjudication of the controversy." *See* Fed.R.Civ.P. 23(a) and (b).

VII.   **PROPOSED SCHEDULE OF EVENTS**

The parties request permission to provide notice of the settlement to Members of the Settlement Class at this time. Plaintiffs propose the following schedule that sets dates for mailing and publishing notice, for Settlement Class Members to opt-out of the

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
Civil Case No. C:02-03383 JSW                 12

settlement or to object to the settlement, by which counsel will file papers in support of the settlement and for a Settlement Hearing date.

| | Action | Due Date |
|---|---|---|
| 1. | Preliminary approval of settlement granted. | March 25, 2005 |
| 2. | Individual notices mailed. | April 1, 2005 |
| 3. | Summary Notices published in *Wall Street Journal*. | April 7 and 8, 2005 |
| 4. | Last day to opt-out of Settlement Class. | April 22, 2005 |
| 5. | Last day for Settlement Class Members to object. | April 22, 2005 |
| 6. | Date by which to file papers in support of settlement and request for attorneys' fees and expenses. | April 29, 2005 |
| 7. | Settlement Hearing | May 13, 2005 |

This schedule is similar to those used and approved by numerous courts in class action settlements and provides due process to Settlement Class Members with respect to their rights concerning the settlement. See *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d at 1370, 1374-75 (9th Cir. 1993).

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
Civil Case No. C:02-03383 JSW                    13

## VIII. CONCLUSION

For the reasons set forth herein, the Court should issue an Order, (1) granting expedited preliminary approval of the Settlement; (2) certifying the Settlement Class; (3) scheduling a hearing date for final approval of the Settlement; and (4) granting approval of the class notice.

Dated: November 23, 2004               Respectfully submitted,

                                       Michael J. Freed
                                       Carol V. Gilden
                                       Christopher J. Stuart
                                       Michael E. Moskovitz
                                       MUCH SHELIST FREED DENENBERG
                                          AMENT & RUBENSTEIN, P.C.

                                       /s/     Carol V. Gilden
                                               Carol V. Gilden

                                       Attorneys for Lead Plaintiffs