IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re VAN WAGONER FUNDS INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>    ALL ACTIONS. | No. C 02-03383 JSW<br><br>**ORDER RE HEARING ON PRELIMINARY APPROVAL OF SETTLEMENT** |

A hearing on preliminary approval of class settlement is scheduled for Friday, March 25, 2005 at 9:00 a.m.

**I.  Preliminary and Final Approval of Settlements**.

This Court believes that it is preferable to conduct a thorough evaluation of the terms of the proposed settlement, the plan of allocation, and any application for attorneys' fees and/or costs at the preliminary approval stage, before notice is given to the class. Conducting such an inquiry at this stage will help ensure that the class notice is as complete as possible, thus enabling each member to engage in their own meaningful evaluation of the proposed settlement. *See* Manual for Complex Litigation, §30.42 (3d ed. 1995). In addition, if such a review is not conducted until after notice has been mailed, there is a risk that the notice process will need to be repeated, thus further depleting the settlement fund, should the Court disapprove any components of the settlement. Guidelines for briefing of these issues are discussed below.

    **A.  Preliminary Approval of Settlement.**

At the preliminary approval stage, the parties must provide sufficient information to permit a meaningful preliminary fairness evaluation of the settlement. Such information must include, at a

minimum, the relevant claims and defenses, an honest assessment of the strengths and weaknesses of each sides position (bolstered by results of discovery if any has occurred), each side's views regarding the risks of proceeding to trial, an indication of the total amount of damages sought by plaintiffs and, if different, plaintiffs' anticipated recovery at trial, and whether any part of the settlement fund is to be paid through insurance proceeds. Because both sides have an interest in obtaining approval of the settlement, and because information from both sides is critical to the Court's evaluation, both sides shall participate in this process.

By no later than **Monday, March 14, 2005**, the parties shall supplement their papers filed in support of the application for preliminary approval of the settlement to address any of the factors mentioned in this order that are not already included in their papers. The parties may file separate briefs or they may file a single joint brief. Regardless of whether the parties supplement their papers, counsel from each side who participated in the settlement process shall file a sworn declaration by no later than **Monday, March 14, 2005,** attesting to the facts in the brief(s) and further declaring that the settlement is fair, reasonable, and was achieved through arms-length negotiations. Plaintiffs' counsel shall in addition submit a declaration by the lead plaintiff(s) attesting to and describing that person's involvement in the settlement process and stating whether the lead plaintiff objects to or concurs with the settlement.

### B. Final Approval of Settlement

At the final approval stage, the Court's primary concern is the response of the class to the proposed settlement. Accordingly, in the motion for final approval the Court must be provided with a status report on the notice and opt-out process that reports any matters that may have arisen in the interim period. This report should include, at a minimum: the number of notices sent out in the original mailing; the number of requests for notice received by the administrator; the dates and number of notices sent in subsequent mailings; the date the summary notice was published; a copy of the published summary notice; the number of requests for exclusion received; the number of proof of claim forms received; a detailed description of all objections received; and any final revisions or modifications to applications for fee and cost awards. The parties need not reiterate the same arguments made in briefs filed at the preliminary approval stage.

## II.  Approval of Plans of Allocation.

The Court will review the plan of allocation at the preliminary approval stage. To enable that review, plaintiffs must specifically describe the plan and explain why the ultimate plan was selected. If an expert was used in formulating the plan of allocation, that expert should submit a declaration describing his or her work in formulating the plan and explaining why the Court should approve it.

## III.  Approval of Proposed Notice.

The Court will review the proposed notice at the preliminary approval stage. The Court will not approve any notice that contains participation at the final approval hearing upon the filing of written objections. Any class member who wishes to be heard at the hearing, regardless of whether he/she has filed an objection, will be given that opportunity. Notices may, however, encourage that written notices be submitted first. *See* Manual For Complex Litigation, §30.41. Additionally, when drafting proof of claim and request for exclusion forms, counsel should be careful not to make either process more onerous than is absolutely necessary. If a member requesting exclusion is required to submit more information than a member seeking to file a claim, counsel must provide an explanation.

## IV.  Application for Attorneys' Fees and/or Costs.

The Court will initially review any application for fees and/or costs at the preliminary approval stage. When presented with an application for fees and/or costs, the Court has the responsibility to ensure that the requested fees and/or costs are "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C); *In re Cavanaugh*, 306 F.3d 726, 733, n.13 (9th Cir. 2002). In performing this review, the court "must assume the role of fiduciary for the class of plaintiffs" because "the relationship between plaintiffs and their attorneys turns adversarial at the fee setting stage." *In re Washington Public Power Supply Sys. Lit.*, 19 F.3d 1291, 1302 (9th Cir. 1994). To aid the court in fulfilling this role, counsel shall comply with the following minimum guidelines.

Preliminarily, counsel should review the following opinions prior to preparing any application for fees or costs: *In re Quantum Health Resources*, 962 F.Supp. 1254 (C.D. Cal. 1997); and *In re Brooktree Securities Litigation*, 915 F.Supp. 193 (S.D. Cal. 1996). These cases accurately describe the difficulties often faced by the Court in reviewing a fee and/or cost application.

Fee applications are "subject to close judicial scrutiny based on counsel's actual work done and results achieved." *In re Cavanaugh*, 306 F.3d at 733. Plaintiffs' submissions must permit such scrutiny. This Court will not grant a fee request supported only by boilerplate that does not focus on the particular case under review. String cites or lengthy exhibits listing other litigation in which particular fees were approved are not helpful. *See In re Brooktree Securities Litigation*, 915 F.Supp. at 197. Rather, counsel must take pains to describe with particularity the risks posed by the instant litigation and explain how they justified the requested fee. *See In re Quantum Health Resources,* 962 F.Supp. at 1258-59 ("[t]he Ninth Circuit's 25% benchmark assumes a genuine degree of risk...it is appropriate for a court to depart significantly from the 25% benchmark...unless genuine risk exists in a particular securities class action case"); *see also In re Cavanaugh*, 306 F.3d at 733, n.13 ("the court has wide latitude to go below the agreed amount in actually awarding fees").

Regarding cost applications, the court will not award costs for any item unless counsel provides the following: (1) documentation in support of each substantial item;[1] (2) a description of each item and an explanation as to why it was necessary; and (3) legal authority establishing that such an item is a compensable cost. *See In re Fleet/Norstar Securities Litigation*, 974 F.Supp. 155, 158 (D.R.I. 1997) ("[n]on-compensable expenses include those which are not adequately supported by detailed records showing the amount of each expense, the reason for the expenditure, and the relationship between the expense and some reasonable benefit to the class"). By way of illustration, if counsel requests expert fees as an item of reimbursable costs, counsel shall provide proof regarding the hours worked, rate charged, tasks performed, an explanation of why such tasks were necessary, and citation to legal authority supporting the request. Moreover, all documentation provided to the Court must be properly authenticated and presented in a usable format (i.e. indexed and tabbed). *See Orr v. Bank of America, NY & SA*, 285 F.3d 764, 775 (9th Cir. 2002) ("[t]he efficient management of judicial business mandates that parties submit evidence responsibly").

**V.     Hearings.**

---

[1] In providing documentation, counsel must exercise good judgment and assist the court. The Court is not interested in pouring through every receipt for copies of late night take-out. However, where the expenses are more substantial, such expenses normally are and should be substantiated with copies of invoices, billing statements, etc.

4

Counsel who actively litigated and have first knowledge of the settlement are required to appear at all hearings related to the matters discussed above.

**IT IS SO ORDERED.**

Dated: February 25, 2005                    /s/ Jeffrey S. White
　　　　　　　　　　　　　　　　　　　　　　　　　JEFFREY S. WHITE
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE