IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re VAN WAGONER FUNDS, INC. SECURITIES LITIGATION | No. C 02-03383 JSW<br><br>**CLASS ACTION**<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON MAY 6, 2005:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS** Ernst & Young's motion to dismiss without leave to amend.

The parties will each have 15 minutes to address the following questions:

1. Plaintiffs concede that their Section 11 claim "arises from a factual predicate similar to its earlier complaint." (Opposition at 17.) This Court held that the more heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies to Plaintiffs' Section 11 claim. (July 27, 2004 Order at 4-5.) The Ninth Circuit has recently held that Rule 9(b) may apply to claims under Section 11 sounding in fraud. *See In re Daou Systems, Inc. Securities Litigation*, 397 F.3d 704, 723-24 (9th Cir. 2005). On what basis do Plaintiffs maintain that their Section 11 claim is not subject to the heightened pleading standard of Rule 9(b)?

2. How does Plaintiffs' Second Amended Consolidated Complaint address this Court's previous finding that "[w]ith the financial statement disclosure that the restricted securities were valued at 'cost' and the information regarding the restricted securities' issuers already public, there can be no misstatement"? (July 27, 2004 Order at 7.)

3. How does Plaintiffs' Second Amended Consolidated Complaint address this Court's previous finding that there was no decline in value of the investments as a result of alleged misrepresentations by Ernst & Young (not by the Van Wagoner Defendants) and therefore that loss causation was not adequately pled? (July 27, 2004 Order at 8.) How do Plaintiffs reconcile their contention of sustaining loss with the recent Supreme Court decision in *Dura Pharmaceuticals, Inc. v. Broudo*, 125 S.Ct. 1627, 1633 (April 19, 2005)?

4. If the Court determines that Ernst & Young's arguments regarding materiality are not premature, how can the allegations in the Second Amended Consolidated Complaint amount to a sufficient loss to qualify as material?

5. Are there any other issues the parties wish to address?

**IT IS SO ORDERED.**

Dated: May 5, 2005

/s/ Jeffrey S. White
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE