MAYER, BROWN, ROWE & MAW LLP
Stanley J. Parzen
Daniel J. Delaney (*admitted pro hac vice*)
190 South La Salle Street
Chicago, Illinois 60603-3441
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
sparzen@mayerbrownrowe.com
ddelaney@mayerbrownrowe.com

Shirish Gupta (SBN 205584)
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060
sgupta@mayerbrownrowe.com

Attorneys for Defendant
ERNST & YOUNG LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re VAN WAGONER FUNDS, INC. SECURITIES LITIGATION<br>_____<br><br>This Document Relates To:<br><br>ALL ACTIONS | MASTER FILE NO. C 02-03383 JSW<br><br>**ERNST & YOUNG LLP'S OPPOSITION TO FINAL APPROVAL OF SETTLEMENT**<br><br>Date: June 17, 2005<br>Time: 9:00 a.m.<br>Place: Courtroom 2, 17th Floor<br>Honorable Jeffrey S. White,<br>United States District Judge |

**BACKGROUND**

Over the objection of Ernst & Young LLP ("E&Y"), this Court entered an order on March 30, 2005 (the "March 30 Order") granting preliminary approval to a settlement (the "Settlement") between plaintiffs and all defendants except E&Y (the "Settling Defendants") and provisionally certifying, for purposes of effectuating the settlement only, a Settlement Class. That Order required potential class members requesting exclusion from the class or objecting to final approval of the settlement to serve any request for exclusion and any written objection by May 6, 2005, and scheduled a final hearing on the Settlement for June 17, 2005. E&Y submits this Opposition to reiterate the objections it previously made to the approval of the Settlement.

**OPPOSITION**

To minimize the burden on the Court and the litigants, E&Y simply incorporates the objections it made in its March 5, 2005 Opposition to Lead Plaintiffs' Motion for Preliminary Approval of Settlement ("E&Y's March 5 Opposition") as its opposition to final approval of the Settlement and the certification of any class, and updates its reasoning below.

In response to E&Y's March 5 Opposition about the scope and content of any order barring contribution claims against the Settling Defendants, the Court's March 30 Order provided that the final settlement would be "limited to the express wording of 15 U.S.C. § 78u-4(f)(7)(A) of the Private Securities Litigation Reform Act ('PSLRA') and provide[] a mutual bar for claims of contribution." March 30 Order, p.2. Since plaintiffs and the Settling Defendants have not yet served a revised draft in accordance with the Court's March 30 Order, E&Y maintains its objection on this basis to any bar order pending further review.

This Court overruled E&Y's objection that the Settlement violated the discovery stay provision of the PSLRA based on its findings that the Settling Defendants' agreement to provide reasonable access to certain documents (including materials and testimony provided to the Securities and Exchange Commission) "constitute[s] investigatory materials and not discovery" and that access to such documents was justified in the "interest of promoting settlement." *Id*. (citing *In re Flir Systems, Inc. Sec. Litig.*, 2000 WL 33201904 (D. 2000). However, in addition to the "SEC Documents" that the Settlement required the Settling Defendants to provide plaintiffs

1   within five days of a written notice following the entry of an order granting preliminary approval
2   of the Settlement, the Stipulation of Settlement further provides that the Settling Defendants will
3   permit Lead Plaintiffs "to conduct reasonable document discovery" for a period of 120 days
4   "[f]ollowing final approval of the Stipulation."  Stipulation of Settlement, ¶ 2.2  E&Y objects,
5   however, to any additional "document discovery" following "final approval" because the Court's
6   rationale for allowing access to the SEC Documents after preliminary approval does not apply to
7   120 days of "document discovery" following final approval of the Settlement.  What plaintiffs
8   and the Settling Defendants expressly call "document discovery" to be conducted following "final
9   approval" plainly is "discovery" barred by the PSLRA while E&Y's motion to dismiss remains
10  pending, and there is simply no basis for finding such discovery to be outside of the scope the
11  PSLRA's automatic stay of discovery.  *See* 15 U.S.C. §§ 77z-1(b), 78u-4(b)(3)(B).

12       Moreover, the alternative basis cited by the Court for allowing access to the SEC
13  Documents while E&Y's motion to dismiss is pending – that a lifting of the discovery stay for
14  those particular documents was justified in the "interest of promoting settlement" – simply does
15  not apply after the Court has granted final approval to the Settlement.  None of the "document
16  discovery" that plaintiffs might seek after final approval but while E&Y's motion to dismiss
17  remains pending could possibly be related to any consideration of the pending Settlement because
18  the Court's final approval will have resolved those issues.  Plaintiffs have not even filed the
19  motion required by the PSLRA to lift the automatic stay of discovery or otherwise tried to show
20  that 120 days of "document discovery" following final approval of the Settlement constitutes
21  "particularized discovery" that "is necessary to preserve evidence or to prevent undue prejudice to
22  that party," as the PSLRA specifically requires before a court may lift the automatic stay of
23  discovery. 15 U.S.C. §§ 77z-1(b), 78u-4(b)(3)(B).

24       Finally, for the reasons stated in its March 5 Opposition, E&Y opposes the certification of
25  any class under Federal Rule of Civil Procedure 23.  Indeed, plaintiffs concede that "there is a
26  real risk that class certification could be denied" in this case.  Plaintiffs' Supplemental
27  Memorandum in Support of Motion for Preliminary Approval (filed 3/12/05), p. 4.  At the
28  March 25, 2005 hearing on preliminary approval of the Settlement, plaintiffs' counsel represented

1  that the class certification sought was "solely for the purpose of providing notice" and that "final
2  approval" of the settlement "will just apply to the class as a settling class." March 25 2005 Tr. at
3  13. At a minimum, therefore, any final order entered approving the Settlement and certifying any
4  class should reflect plaintiffs' counsel representation that it "will apply to the class as a settling
5  class only." Any final order entered with respect to the certification of any such settlement class
6  should expressly state that it shall have no effect on any subsequent determination by the Court of
7  whether a class may be certified for any claims that may be asserted in this litigation against
8  E&Y.

## CONCLUSION

For the reasons set forth above, the Court should deny plaintiffs' motion seeking provisional certification of a class and final approval of their Stipulation of Settlement.

DATED: May 6, 2005                MAYER, BROWN, ROWE & MAW LLP

By:     /s/ Stanley J. Parzen
        Stanley J. Parzen

Attorneys for ERNST & YOUNG LLP