United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re VAN WAGONER FUNDS, INC. SECURITIES LITIGATION | No. C 02-03383 JSW<br><br>**CLASS ACTION**<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

_____/

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 17, 2005:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS** Lead Plaintiffs' application for final approval of the settlement.

The parties shall have 15 minutes to address the following questions:

1. Do Plaintiffs certify that the final approval of the settlement shall just apply to the class as settling class and does not reflect any subsequent potential determination by this Court regarding the adequacy of certifying a class under Federal Rule of Civil Procedure 23?

2. Keeping in mind that the Court intends to adopt its tentative ruling and grant Ernst & Young's motion to dismiss without leave to amend (order forthcoming), do Plaintiffs intend to pursue further document discovery following final approval of the settlement?

3. Does Ernst & Young agree that the revised proposed final judgment and order adequately incorporate the express wording of 15 U.S.C. § 87u-4(f)(7)(A) of the Private Securities Litigation Reform Act and provide a mutual bar for claims of contribution?

4. Why does the final judgment and order approving settlement provide that should the settlement not become effective in accordance with the terms of the stipulation, the settling parties shall revert to their litigation positions as of November 10, 2004? Why is the date of the filing of the second amended consolidated complaint, December 13, 2004, not the more appropriate date for reversion?

5. Is there any person or party present who wishes to object to the settlement? If so, on what grounds?

6. Are there any other issues the parties wish to address?

**IT IS SO ORDERED.**

Dated:   June 13, 2005

/s/ Jeffrey S. White
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE