UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re VAN WAGONER FUNDS, INC. SECURITIES LITIGATION | Master Case No. 02-C-03383 JSW |
| | CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | **REVISED [PROPOSED] FINAL JUDGMENT AND ORDER**<br><br>Judge: Hon. Jeffrey S. White<br>Courtroom: 2<br>Date: N/A<br>Time: N/A |

# FINAL JUDGMENT AND ORDER

This matter came before the Court for hearing on June 17, 2005 pursuant to the Order of this Court, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of November 15, 2004 (the "Stipulation"). Due and adequate Notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Consolidated Securities Action and over all parties to the Consolidated Securities Action, including all Members of the Class.

3. "Class" and "Class Members" means Plaintiffs and all other persons and entities, and their successors in interest and transferees, direct or indirect, immediate or remote, who purchased any shares of Van Wagoner Emerging Growth Fund, Van Wagoner Technology Fund, Van Wagoner Mid Cap Growth Fund, Van Wagoner Post Venture Fund, and/or Van Wagoner Micro Cap Growth Fund, or any of their predecessor or successor funds, issued by Van Wagoner Funds during the period from February 28, 2000 through August 21, 2001. Excluded from the Class are Settling Defendants; members of the families of each individual defendant; any entity in which any defendant has a majority-owned interest; officers and directors of Settling Defendants and their majority-owned subsidiaries and affiliates; and the legal representatives, heirs, successors, or assigns of any such excluded party. Also excluded from the Class are any putative Class Members who excluded themselves by filing a request for exclusion in

accordance with the procedures set forth in the Court's Order Preliminarily Approving Settlement and Providing For Notice.

4. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement was entered into in good faith and is, in all respects, fair, reasonable and adequate to the Class.

5. Except as to any individual claim of those persons who have validly and timely requested exclusion from the Class, the Consolidated Securities Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiffs and the other Members of the Class, as against each and all of the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. The Court finds that the Stipulation and settlement were entered into in good faith and are fair, reasonable and adequate as to the Class, and that the Stipulation and settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

7. Upon the Effective Date hereof, Plaintiffs do and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged, and shall forever be barred and enjoined from prosecuting, any and all Released Claims and Unknown Claims, including any and all claims, demands, rights, liabilities, and causes of actions of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law, or any other law, rule or regulation, known or unknown, asserted or that might have been asserted, including, without limitation, claims for fraud, negligent misrepresentation, or violations of any state or federal statutes or regulations by Plaintiffs or any Class Member, on behalf of themselves, their heirs, executors, administrators, successors, and assigns against Settling Defendants or the Released Persons or any

of them arising out of, relating to, or in connection in any way with (i) the Securities Action, the Consolidated Securities Action, and the Complaint; (ii) all the claims that have been or could have been asserted or raised in the Derivative Action; (iii) all the claims that could have been raised relating to or arising out of the SEC Settlement; or (iv) all the claims relating in any way to the liquidity, pricing, valuations, investments in or sales of private equity securities by Settling Defendants or the Released Persons, but excluding those claims that have been or could be asserted by the Plaintiffs against Ernst & Young.

8. Pursuant to 15 U.S.C. Section 78u-4(f)(7)(A), the Settling Defendants and Released Persons are herby discharged of all obligations to the Class and shall be (i) discharged from all claims for contributions arising out of this action by any person against the Settling Defendants or Released Persons and (ii) barred from asserting any claims for contribution arising out of this action against any person, other than a person whose liability has been extinguished by the settlement of the Settling Defendants or Released Persons. Any future verdict or judgment that may be rendered for Plaintiffs and/or the Class and/or any member thereof against any non-settling party to this action (including Ernst & Young) shall be reduced by the greater of (i) an amount that corresponds to the total percentage of responsibility of all Settling Defendants and Released Persons or (ii) the amount paid to Plaintiffs by or on behalf of all Settling Defendants and Released Persons.

9. Each of the releases set forth or referred to in the Stipulation shall be and is hereby deemed to be in effect as of the Effective Date of the Stipulation.

10. The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Class Members who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled

to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

11. Any order entered regarding the attorneys' fees application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

12. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement shall be construed or may be deemed to be evidence of or an admission or concession on the part of any Setting Defendant with respect to any claim or any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the contentions and defenses that Settling Defendants have asserted.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement; (b) hearing and determining applications for attorneys' fees, interest and expenses in the Consolidated Securities Action; and (c) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

14. The Court finds that during the course of the Consolidated Securities Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Settling Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; and in such event, the Settling Parties shall revert to their litigation positions as of ~~November 10,~~ December 13, 2004.

-4-

**IT IS SO ORDERED**.

Dated: June 23, 2005      /s/ Jeffrey S. White
THE HONORABLE JEFFREY S. WHITE
United States District Court Judge

Respectfully Submitted By

PETER M. STONE
JAY C. GANDHI
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Seventeenth Floor
695 Town Center Drive
Costa Mesa, CA 92626-1924
Telephone: (714) 668-6200
Facsimile: (714) 979-1921

Attorneys for Defendants
Van Wagoner Funds, Inc., Van Wagoner Capital Management, Inc., Garrett R. Van Wagoner, Larry P. Arnold, Robert S. Colman and Peter R. Kris

-5-

Revised [~~Proposed~~] Final Judgment and Order
Case No. 02-C-03383 JSW