**United States District Court**
For the Northern District of California

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re VAN WAGONER FUNDS, INC.
SECURITIES LITIGATION

No. C 02-03383 JSW

**CLASS ACTION**

**ORDER GRANTING ERNST &
YOUNG'S MOTION TO DISMISS
THE SECOND AMENDED
CONSOLIDATED COMPLAINT
WITHOUT LEAVE TO AMEND**

_____/

Now before this court is the motion to dismiss the second amended consolidated
complaint ("SACC") of plaintiffs Stephanie and Richard Casolari for failure to satisfy the
heightened pleading requirements of the Private Securities Litigation Reform Act ("PSLRA")
and for failure to state a claim upon which relief can be granted under Federal Rule of Civil
Procedure 12(b)(6).  Having carefully reviewed the parties' papers and considered their
arguments and relevant legal authority, and good cause appearing, the Court hereby GRANTS
Ernst and Young's ("E&Y") motion to dismiss without leave to amend.

**FACTUAL BACKGROUND**

Van Wagoner Funds is an open-end management investment company.  Van Wagoner
Funds managed several mutual funds.  The valuations of restricted securities held in some of
these funds are at issue.  E&Y is an independent accountant that served as Van Wagoner Funds'
auditor and accountant throughout the class period of February 28, 2000 through August 21,
2001.  (SACC, ¶ 69.)

During the class period, E&Y conducted audit reports and certified year-end financial statements for Van Wagoner Funds' 1999 and 2000 annual reports.[1] (*Id.*)  Furthermore, E&Y consented to the incorporation by reference of the audit reports in Van Wagoner Funds 2000 and 2001 registration statements. (SACC ¶¶ 197, 206.)  In the audit reports E&Y represented: (1) its audit of the financial statements had been conducted in accordance with Generally Accepted Auditing Standard ("GAAS"); (2) the resulting audited financial statements were presented in accordance with Generally Accepted Accounting Principles ("GAAP"); and (3) the financial statements accurately reflected the financial position of each of the Van Wagoner Funds at the end of the year, the results of their operations for the year then ended, and the changes in their net assets.  (SACC ¶ 69.)

Van Wagoner Funds' financials statements for 1999 and 2000 contained representations that the Van Wagoner Funds' restricted securities were "valued at fair value as determined in good faith."  (SACC ¶¶ 191, 194(a), 197, 199(a), 202, 204(a), 206, 208(a).)  However, Plaintiffs allege the Van Wagoner Funds were not "valued at fair value as determined in good faith" because the Van Wagoner Funds valued restricted securities at cost when there were factors that supported a change in valuation including, among other things, the issuing company's bankruptcy, withdrawn initial public offering, change in business plan, announcement of layoffs, and the worsening of the general market conditions.  (SACC ¶¶ 194(d), 199(d), 204(d), 208(d).)

On July 27, 2004, this Court granted E&Y's first motion to dismiss the amended complaint for failure to state a claim upon which relief could be granted under Section 11 of the Securities Act, Section 10(b) of the Securities and Exchange Act of 1934, and Section 34(b) of the Investment Company Act of 1940.  The Court granted Plaintiffs leave to amend in order to

---

[1]  The Court GRANTS E&Y's request for judicial notice as it pertains to Van Wagoner Funds' Securities and Exchange Commission ("SEC") filings.  Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.  Such consideration does not convert the motion to dismiss into a motion for summary judgment.  *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *United States v. Ritchie*, 343 F.3d 903, 908 (9th Cir. 2003).  The contents of SEC filings are alleged in the complaint and no party questions their authenticity.

United States District Court

For the Northern District of California

1   address the lack of any particularity as to E&Y's participation in the alleged fraud as it related to

2   their Section 10(b) and Section 11 claims.

3       On December 13, 2004, Plaintiffs filed their second amended complaint, which is

4   premised upon the same set of facts and attempts to remedy the deficiencies in the first amended

5   complaint.  Plaintiffs now assert a single count (Count I) against E&Y under Section 11 of the

6   Securities Act of 1933.[2]  The second amended complaint continues to allege that E&Y

7   participated in disseminating false or misleading information by falsely representing:  (1) they

8   conducted their audit in conformance with GAAS; (2) the Van Wagoner Funds financial

9   statements were in conformance with GAAP; and (3) the financial statements accurately

10  reflected the financial position of each of the Van Wagoner Funds at the end of the year, the

11  results of their operations for the year then ended, and the changes in their net assets.  (SACC ¶

12  69.)  Plaintiffs allege such misrepresentations aided the Van Wagoner Funds in artificially

13  inflating the net asset values ("NAV") of each the Van Wagoner Funds.  (*Id*.)

14      E&Y moved to dismiss the second amended complaint on January 21, 2005 and this

15  Court heard oral argument on the motion on May 6, 2005.[3]

16                                          **ANALYSIS**

17  **I.      Legal Standards.**

18          **A.      Motion to Dismiss**.

19      A motion to dismiss for failure to state a claim is viewed with disfavor and is rarely

20  granted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A complaint should

21  not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt the

22  plaintiff can prove no set of facts entitling her to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46

23  (1957).  In considering a motion to dismiss a court must: (1) accept as true all of the factual

24

25          [2] Plaintiffs also attempt to preserve their claims as originally pled under both the
    Securities Exchange Act and the Investment Company Act, solely for purposes of appeal by
26  incorporating those counts from the Amended Complaint by reference.  (SACC ¶ 331.)

27          [3] The Court hereby GRANTS E&Y's motion to strike paragraphs 20, 22, 158-163
    and 166 of the SACC pursuant to Federal Rule of Civil Procedure 12(f) because such
28  allegations are immaterial.  However, even considering those paragraphs, the Court reaches
    the same conclusion on the motion to dismiss.

United States District Court

For the Northern District of California

1   allegations in the complaint, (2) construe the complaint in the light most favorable to the

2   plaintiff, and (3) determine whether any set of facts would entitle the plaintiff to relief.  *Cahill v.*

3   *Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

4           **B.       Leave to Amend.**

5           Under Federal Rule of Civil Procedure 15, leave to amend shall be freely given when

6   justice so requires.  In the Ninth Circuit, this policy is "to be applied with extreme liberality."

7   *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  "Although there is

8   a general rule that parties are allowed to amend their pleadings, it does not extend to cases in

9   which any amendment would be an exercise in futility, ... or where the amended complaint

10  would also be subject to dismissal."  *D. Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295

11  (9th Cir. 1998) (citations omitted).

12          Specific to private securities lawsuits, a court may dismiss a plaintiff's claim for failure

13  to meet the pleading requirements of the PSLRA.  "In any private action . . . , the court shall, on

14  motion of any defendant, dismiss the complaint if the requirements of paragraph (1)[4] and (2)[5] are

15  not met."  15 U.S.C. § 78i-4(b)(3)(A).  However, "[d]ismissal with prejudice and without leave

16  to amend is not appropriate unless it is clear on de novo review that the complaint could not be

17  saved by amendment."  *Eminence Capital*, 316 F.3d at 1051 (citing *Chang v. Chen*, 80 F.3d

18  1293, 1296 (9th Cir. 1996)).  Because the standards in the PSLRA are high,"[a]dherence to these

19  principles is especially important in the context of the PSLRA."  *Id.*  Furthermore, the Ninth

20  Circuit has held that a district court's denial of a request for leave to amend in a PSLRA case

21  without articulating why dismissal should be with prejudice is an abuse of discretion.  *Id.*

22

23          [4] Paragraph (1) states that "complaint shall specify each statement alleged to have
    been misleading, the reason or reasons why the statement is misleading, and, if an allegation
24  regarding the statement or omission is made on information and belief, the complaint shall
    state with particularity all facts on which that belief is formed."  15 U.S.C. § 78u-4(b)(1)(B).
25

26          [5] Paragraph (2) states that the PSLRA requires that the plaintiff "state with
    particularity facts giving rise to a strong inference that the defendant acted with the required
27  state of mind."  15 U.S.C. § 78u-4(b)(2).  The required state of mind for securities fraud
    claims is "that the defendant made false or misleading statements either intentionally or with
    deliberate recklessness or, if the challenged representation is a forward looking statement,
28  with 'actual knowledge ... that the statement was false or misleading.'"  *In re Vantive Corp.
    Sec. Litig.*, 283 F.3d 1079,1085 (9th Cir. 2002) (citing 15 U.S.C. § 78u-5(c)(1)(B)(i)).

**United States District Court**
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1    **II.     Section 11 of the Securities Act of 1933 Claim Is Dismissed.**

2           **A.     Legal Standard Under Federal Rule of Civil Procedure 9(b).**

3           The more heightened particularity requirements of Federal Rule of Civil Procedure 9(b)

4    apply to claims brought under Section 11 of the Securities Act of 1933 ("Section 11") when they

5    are "grounded in fraud." *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1404-05 (9th Cir. 1996).  A

6    claim is "grounded in fraud" if the plaintiff alleges a unified course of fraudulent conduct and

7    relies entirely on that course of conduct as the basis of his or her claim.  *Vess v. Ciba-Geigy*

8    *Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003); *see also In re Daou Systems, Inc. Sec. Litig.*,

9    411 F.3d 1006, 2005 WL 1431833 (9th Cir. June 21, 2005) (holding that, even in the Section 11

10   context, a plaintiff may be subject to Rule 9(b)'s particularity mandate where the complaint

11   'sounds in fraud').

12          Plaintiffs, in their brief and oral argument, contend that their amended Section 11 claim is

13   not subject to the heightened pleading requirements of Rule 9(b) because they have amended the

14   complaint to withdraw express allegations of fraud.  Plaintiffs concede, however, that

15   "[c]ertainly, plaintiffs' § 11 claim arises from a factual predicate similar to its earlier complaint,"

16   but contend that the amended complaint is different because it is no longer a mix of Section 11

17   and Section 10(b) claims.  (Opp. Br. at 17.)  Although Plaintiffs have indeed omitted their claims

18   under Section 10(b) and some express legal conclusions regarding their former allegations of

19   fraud, the same factual predicate underlies the Section 11 claims, and such claims remain

20   grounded in fraud.  The amended complaint still alleges the factual underpinnings of a fraud

21   claim against E&Y.  (*See, e.g.,* SACC ¶¶ 35, 223, 227, 232, 234, 255, 277, 290, 295, 299.)  The

22   factual allegations present a unified course of fraudulent conduct which Plaintiffs have relied on

23   as the basis of their Section 11 claim, thus grounding such claim in fraud.  *See Vess*, 317 F.3d at

24   1104; *see also In re Daou Systems*, 411 F.3d at 1006.

25          According to Federal Rule of Civil Procedure 9(b), "in all averments of fraud or mistake,

26   the circumstances constituting fraud or mistake shall be stated with particularity."  A pleading is

27   sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so a defendant can

28   prepare an adequate answer from the allegations. *Moore v. Kayport Package Express, Inc.*, 885

F.2d 531, 540 (9th Cir. 1989).  Statements of the time, place and nature of the alleged fraudulent activities are sufficient, but mere conclusory allegations of fraud are not.  *Id*.  A plaintiff must set forth a specific description of the representations made and explain why they are false and misleading.  *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994).

> **B.       Material Misrepresentation Is Not Pled with Particularity.**

Plaintiffs again make the very same contentions as their first amended complaint, that the Van Wagoner Funds' 2000 and 2001 registration statements contained untrue statements of material facts and that they and other members of the class purchased shares of the Funds during the class period without knowledge of the material untrue statements.  (SACC ¶¶ 311, 314.) Plaintiffs specifically allege the Van Wagoner Funds' 1999 and 2000 Annual Reports that were incorporated by reference into the 2000 and 2001 registration statements contained affirmative misrepresentations that the Funds were "valued at fair value as determined in good faith." (SACC ¶¶ 191, 194(a), 197, 199(a), 202, 204(a), 206, 208(a).)  Plaintiffs further allege that defendant E&Y consented to the incorporation of its audit reports contained in the 1999 and 2000 Annual Reports in Van Wagoner Funds' 2000 and 2001 registration statements.  (SACC ¶ 312(d).)  Plaintiffs contend that E&Y materially misrepresented in audit reports of Van Wagoner Funds' 1999 and 2000 financial statements that the financial statements:

> present fairly, in all material respects, the financial position of the Van Wagoner Funds . . . , the results of operations, the changes in its net assets and the financial highlights for the year then ended in conformity with accounting principles generally accepted in the United States.

(SACC ¶¶ 191, 202.)  Plaintiffs further contend that E&Y also materially misrepresented that they conducted their audit report in conformance with GAAS.  (*Id*.)  Plaintiffs allege that Defendants' joint wrongdoing caused Plaintiffs to purchase shares of the Funds at artificially inflated prices, thereby causing them harm.  (SACC ¶ 49.)

Plaintiffs contend that E&Y's representations were false because Plaintiffs believe the Van Wagoner Funds were not valuing the Van Wagoner Funds' holdings of restricted securities at fair value, in good faith, thereby causing a material misvaluation of the restricted securities and ultimately the overinflation of the NAV of each of the Van Wagoner Funds.  (SACC ¶¶ 194, 204.)  Plaintiffs claim their misvaluation contentions are supported by the fact the Van Wagoner

United States District Court

For the Northern District of California

6

United States District Court

For the Northern District of California

1   Funds valued restricted securities at cost when there were factors that supported a change in

2   valuation including, among other things,  the issuing company's bankruptcy, withdrawn initial

3   public offering, change in business plan, announcement of layoffs, and the worsening of the

4   general conditions.  (SACC ¶¶ 194(d), 199(d), 204(d), 208(d).)

5          Section 11 of the Securities Act of 1933 creates a private right of action for any purchaser

6   of a security if any part of the registration statement, "when such part became effective,

7   contained an untrue statement of material fact or omitted to state a material fact required to be

8   stated or necessary to make the statements therein not misleading."  15 U.S.C. § 77k.  A Section

9   11 action must be brought by a purchaser of a registered security and based on material

10  misrepresentations or omissions in a registration statement, and can only be brought against

11  certain parties. *Herman & McLean v. Huddleston*, 459 U.S. 375, 382 (1983).  Section 11 permits

12  an action against an accountant, but only as to those portions of the statement that purport to

13  have been prepared or certified by the accountant.  *Monroe v. Hughes*, 31 F.3d 772, 774 (9th Cir.

14  1994) (citing *Herman & McLean* , 459 U.S. at 386 n.22).  No scienter is required to establish a

15  claim under Section 11; defendants can be held liable for innocent or negligent material

16  misrepresentations or omissions. *Herman & McLean* , 459 U.S. at 382.

17         E&Y contends that Plaintiffs' Section 11 allegations do not meet the heightened pleading

18  requirements of Rule 9(b) because Plaintiffs do not adequately allege how and why the Van

19  Wagoner Funds' financial statements and consequently how E&Y's approval of such was

20  misleading when made.  *See GlenFed*, 42 F.3d at 1549.  E&Y specifically contends that the Van

21  Wagoner Funds's financial statements were not misleading, and thus their approval of such

22  reports were not misleading because the financial statements did not contain material

23  misstatements as a matter of law.

24         According to Section 11, a plaintiff does not state a claim if at the time of acquisition the

25  plaintiff knew of the untruth.  15 U.S.C. § 77k(a).  E&Y accurately points out that Plaintiffs

26  allege that the "fair value" that the Van Wagoners Funds were valuing the restricted securities at

27  was at "cost."  (*See, e.g.,* SACC at ¶¶ 107, 122.)  Plaintiffs also allege specific public

28  information regarding specific restricted securities that they believe show that the Van Wagoner

United States District Court

For the Northern District of California

1   Funds were not valuing the restricted securities at "fair value."  With the financial statement

2   disclosure that the restricted securities were valued at "cost" and the information regarding the

3   restricted securities' issuers already public, there can be no misstatement.  The Court again finds

4   that the Van Wagoner Funds' disclosures that the restricted securities were valued at cost

5   coupled with the public information regarding the issuing companies does not constitute a

6   material misstatement and is not materially misleading.  A reasonable investor would not need

7   additional information to decide whether to purchase or sell the Van Wagoner Fund shares.  *See*

8   *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976).  Because Van Wagoner's

9   valuation policies were public, as well as all adverse information about the restricted securities in

10  which Van Wagoner Funds had invested, Plaintiffs have not alleged that Van Wagoner Funds

11  concealed any facts from its investors.  *See In re Allied Capital Corp. Sec. Litig.*, 2003 WL

12  1964184, *5 (S.D.N.Y. 2003).[6]  Therefore, for the same reasons the Court originally dismissed

13  the claims against E&Y, the Court is compelled to conclude that the amended complaint fails to

14  address the inadequacies of the former pleadings.

15      However, contrary to the allegations in their earlier complaint, Plaintiffs now contend

16  that Van Wagoner Funds decreased the valuations on some restricted securities by the end of

17  2000, alleging that they did so in order to avoid exceeding the 15% limit the Funds had set for

18  new purchases of restricted securities.  (SACC, ¶¶ 8, 20-24, 158-161.)  This new theory not only

19  cuts against Plaintiffs' damages contentions, but Plaintiffs fail to offer any view regarding the

20  appropriate valuation of these securities in December 2000.  Thus, according to Plaintiffs, some

21  restricted securities should have been higher, and some should have been lower, but Plaintiffs

22  never actually claim the value of the appropriate NAV after taking into account such offsetting

23  adjustments.  In order to state a claim for accounting fraud, Plaintiffs must at a minimum

24  _____

25      [6]  Although this decision is unpublished and out of circuit, Ninth Circuit Rule 36-3
    does not bar a district court from considering the unpublished decisions of other federal
26  district courts; however such decisions are not binding and are at most persuasive authority.
    *Herring v. Teradyne, Inc.*, 256 F. Supp. 2d 1118, 1128 n.2 (S.D. Cal. 2002); see also,
27  *Alvarenga-Villalobos v. Reno*, 133 F. Supp. 2d 1164, 1167 (N.D. Cal. 2000) (holding a
    district court may cite an out of circuit unpublished decision and not run afoul of the Ninth
28  Circuit Rule 36-3).

United States District Court

For the Northern District of California

1   quantify the approximate amount of the alleged misstatement.  *See In re Vantive Corp. Sec.*

2   *Litig.*, 283 F.3d 1079, 1091 (9th Cir. 2002) (upholding dismissal of securities fraud claim where

3   "there is no sufficient allegation of the amounts by which revenues were overstated"); *see also*

4   *Allied Capital*, 2003 WL 1964184, at *5 (holding that "plaintiffs must state by how much [the

5   investment company] overvalued the investments" to support claims under Section 11 of the

6   Securities Act).  Plaintiffs have again failed to allege sufficient facts to meet the minimum

7   threshold of materiality.

8         Lastly, once again, the Plaintiffs attempt to buttress their claims that the Van Wagoner

9   Funds' valuation was not in good faith by averring that the statements by E&Y in the NSAR-B

10  report filed with the SEC disclosing deficiencies in their internal controls is circumstantial

11  evidence that deficiencies were present in prior years.  (SACC, ¶ 268).  Again, this Court finds

12  that even if there were internal control problems in the past that may have amounted to material

13  weaknesses, E&Y was only required to report such problems to management.  *See Monroe v.*

14  *Hughes*, 31 F.3d 772, 775 (9th Cir. 1994).  Even if the Van Wagoner Funds had internal control

15  deficiencies in prior years, E&Y had no duty to report as much in prior audit reports.  Thus, the

16  Court finds such circumstantial evidence unavailing and not particular enough to meet the

17  heightened pleading standards of Rule 9(b).

18              **C.      Loss Causation Is Not Pled with Particularity.**

19        As a general matter, Plaintiffs contend that they suffered damages because when they

20  purchased securities pursuant to the registration statements, the NAVs were artificially inflated.

21  E&Y again contends that Plaintiffs have alleged no decline in value at all.  Each fund's August

22  22 price was only between one cent and six cents lower or higher than on August 20, a less than

23  1% variation.[7]  For example, Van Wagoner Funds' Emerging Growth Fund NAV increased from

24  9.90 on August 21, 2001 to 10.18 on August 22, 2001, the day after Van Wagoner Funds filed its

25  Semi-Annual Report disclosing write downs in valuations of more than 20 restricted securities

26  _____

27        [7]  The Court GRANTS E&Y's request for judicial notice (Exh. G) as it pertains to the
    Historical Daily Net Asset Values for Van Wagoner Funds from August 20, 2001 through
    August 22, 2001 and from February 28, 2002 through March 4, 2002 because the Court finds

28  such facts "capable of accurate and ready determination by resort to sources whose accuracy
    cannot reasonably be questioned."  *See* Fed. R. Evid. 201(b).

United States District Court

For the Northern District of California

1    by more than 50 percent.  Further, Van Wagoner Funds' Emerging Growth Fund NAV actually

2    increased from 9.12 on March 1, 2002 to 9.63 on March 4, 2002, the first trading day after E&Y

3    filed its Form NSAR-B disclosing that the Van Wagoner Funds had material weaknesses in its

4    internal controls for the year ending December 31, 2001.  For loss causation to be properly pled,

5    a plaintiff must plead that the misrepresentation somehow causes the investments to decline in

6    value.  The amended complaint fails to address the Court's previous finding that failure to

7    demonstrate decline in value mandates dismissal.  *See, e.g., In re Merrill Lynch & Co., Inc.,*

8    *Research Reports Sec. Litig*., 272 F. Supp. 2d 243, 254 (S.D.N.Y. 2003) (granting motion to

9    dismiss on Section 11 claim where the mutual fund share prices did not decline following any

10   disclosures of the alleged misrepresentations attributed to the defendants).

11          In addition, the Supreme Court, in its recent decision in *Dura Pharmaceuticals, Inc. v.*

12   *Broudo*, 125 S. Ct. 1627, 1634 (2005), held that a mere allegation that plaintiffs "paid artificially

13   inflated prices" is insufficient, even under Rule 8(a), to survive dismissal.  The Court held that

14   loss causation is not established where the misrepresentation merely 'touches upon' the reasons

15   for the investments' decline in value.  *Id.* at 1632 ("To 'touch upon' a loss is not to *cause* a loss,

16   and it is the latter that the law requires").  Rather, at a minimum, even the pleading requirements

17   under Rule 8(a) mandate that "a plaintiff who has suffered an economic loss to provide a

18   defendant with some indication of the loss and the causal connection that plaintiff has in mind."

19   *Id.* at 1634.  Here, the Court finds that Plaintiffs have alleged no decline in value or stated

20   sufficient averments regarding any economic losses to Plaintiffs caused by E&Y's conduct.

21          Therefore, because the SACC does not adequately allege misrepresentation and loss

22   causation, and the amendments to the pleading do not change significantly this Court's analysis,

23   the Court GRANTS E&Y's motion to dismiss Plaintiffs' Section 11 claim.

24   **III.    Dismissal of Section 11 Claims Without Leave to Amend.**

25          "Although there is a general rule that parties are allowed to amend their pleadings, it does

26   not extend to cases in which any amendment would be an exercise in futility, ... or where the

27   amended complaint would also be subject to dismissal."  *Hart Brewing*, 143 F.3d at 1295.

28   Plaintiffs were given ample time to amend their complaint and specific instructions from this

1   Court regarding the elements they failed to meet in their original consolidated complaint.

2   Plaintiffs have failed to demonstrate that, given a fourth chance to amend their complaint, the

3   new pleading would survive dismissal.  Therefore, the Court declines to grant Plaintiffs leave to

4   amend.

5                                              **CONCLUSION**

6          For the foregoing reasons, E&Y's motion to dismiss is GRANTED without leave to

7   amend.  Plaintiffs have failed to state a claim upon which relief can be granted under Section 11

8   of the Securities Act of 1933.  The Clerk is directed to close the file.

9

10         **IT IS SO ORDERED.**

11

12  Dated:   July 25, 2005                                  /s/ Jeffrey S. White
                                                            JEFFREY S. WHITE
13                                                          UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California